# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANITA M. FREEMAN,<br><br>         Plaintiff,<br>v.<br><br>RENEE T. FRANCIS,<br><br>         Defendant. | Case No.: 16cv3082-MMA (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**SUA SPONTE DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2); AND**<br><br>**DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

  Plaintiff Chanita M. Freeman, proceeding *pro se*, has filed the instant action against Defendant Renee T. Francis. *See* Doc. No. 1. Plaintiff also moves for leave to proceed in this action *in forma pauperis* ("IFP"), and moves for appointment of counsel. *See* Doc. Nos. 2, 3.

//

# MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Plaintiff's IFP application details her net monthly income and her monthly expenses. Based thereon, the Court concludes that Plaintiff should be allowed to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's submission demonstrates that she lacks the financial resources to pay the costs of commencing this action. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. *See* Doc. No. 2.

# SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

## 1. Legal Standard

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id*. In giving liberal interpretation to a *pro se* complaint, however, the

court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

### 2. *Analysis*

This action arises out of a custody dispute. Plaintiff alleges causes of action for perjury pursuant to California Penal Code section 118(a), interference with child custody pursuant to California Penal Code section 278.5, parental alienation, and slander and libel. Plaintiff requests monetary damages, that her son to be returned to her, and that Defendant be prosecuted for perjury, interference with child custody, and slander and libel. Essentially, Plaintiff alleges Defendant, who is her son's stepmother, has interfered with and thwarted Plaintiff's ability to see and parent her son, caused Plaintiff to be arrested for kidnapping her son, and has made perjurious and defamatory statements during court proceedings and otherwise.

The Court lacks jurisdiction over this action. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint *sua sponte* for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). Without subject matter jurisdiction, a federal court is without

"power" to hear or adjudicate a claim. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)); *Kokkonen*, 511 U.S. at 377. Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. A federal question is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists where a plaintiff has pled (1) the amount in controversy exceeds $75,000, and (2) no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332.

Plaintiff does not assert any causes of action arising under federal law to invoke federal question jurisdiction. Further, "the 'domestic relations exception' prevents federal courts from exercising jurisdiction in child custody matters." *See Pronesti v. Dep't of Family Servs.*, No. 215CV01994JADPAL, 2017 WL 976629, at *2 (D. Nev. Jan. 25, 2017), *report and recommendation adopted*, No. 215CV01994JADPAL, 2017 WL 968991 (D. Nev. Mar. 13, 2017) (citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)); "The subject matter of domestic relations and particularly child custody problems is generally considered a state law matter." *Id.*; *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) (stating that since 1890, "federal courts have uniformly held that they should not adjudicate cases involving domestic relations"); *Santos v. Los Angeles Cty. Dep't of Children & Family Servs.*, 200 F. App'x 681, 683 (9th Cir. 2006). Thus, the Court does not have jurisdiction over any of Plaintiff's claims regarding custody or visitation rights.

Regarding diversity jurisdiction, while Plaintiff and Defendant appear to be residents of different states, Plaintiff provides no basis for the Court to conclude that her damages would exceed $75,000. For example, in describing her damages, Plaintiff alleges that "due to [Defendant's] egregious antics of having me arrested," Plaintiff's

family had to take on the responsibility of taking care of Plaintiff's other children while Plaintiff was incarcerated. *See* Doc. No. 1. Plaintiff alleges her family also incurred damages in hiring an attorney "to fight to get [her] out of jail," and helping her with other financial obligations such as her mortgage. *See* Doc. No. 1. Thus, Plaintiff does not allege that she suffered these damages—she alleges her family did. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."). Also, Plaintiff does not allege she suffered any monetary damages as a result of any allegedly defamatory statements. Thus, the Court does not have jurisdiction over any other remaining claims. Based on the foregoing, the Court lacks jurisdiction over this entire action.

Further, even were the Court to consider the sufficiency of Plaintiff's allegations, the Court would be required to dismiss this action. For example, regarding Plaintiff's request that Defendant be prosecuted under various sections of the California penal code, an individual may not bring criminal charges against another individual by filing a civil complaint in this Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Also, the only non-conclusory allegations that Plaintiff provides in support of her claims for slander and libel indicate that the statements forming the basis for her claims were made during judicial proceedings. However, there is an absolute privilege under California law for participants in litigation and other proceedings, which provides participants with broad protection, including protection from liability for defamation claims. *See Beroiz v. Wahl*, 84 Cal. App. 4th 485, 492 (2000); *see* Cal. Civ. Code § 47. "Generally, this privilege 'applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" *Id.* (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365.) Typically, courts should not dismiss cases based on affirmative defenses, such as the litigation privilege for example, unless the elements of the defense are

apparent on the face of the complaint. *See Lifecare Mgmt. Servs., LLC v. Zenith Am. Sols., Inc.*, No. 3:15-CV-0307-RCJ-VPC, 2015 WL 7185459, at *3 (D. Nev. Nov. 13, 2015). Here, the Complaint alleges Defendant made statements to the court during hearings in December 2014 and October 2015 regarding her relationship with her son, such as that Plaintiff was not involved in her son's life, and did not pay child support. Accordingly, it appears on the face of the Complaint that the absolute privilege would bar Plaintiff's defamation claims.

Regardless, the Court lacks jurisdiction over this action and must dismiss it on that basis alone. Accordingly, the Court **DISMISSES** Plaintiff's action **without prejudice** and **without leave to amend**. *See Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984).

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's motion to proceed IFP;
2. **DISMISSES** Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B) as set forth above;
3. **DENIES** Plaintiff's motion for appointment of counsel as moot and without prejudice.

The Court instructs the Clerk of Court to close this action. **IT IS SO ORDERED**.

DATE: April 18, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge